<pre>
              UNITED STATES BANKRUPTCY COURT
             FOR THE NORTHERN DISTRICT OF ALABAMA
                      NORTHERN DIVISION
</pre>

| | | |
|---|---|---|
| In re: BILLY JOE MORGAN, JR. | } | Case No. 17-81557-CRJ |
| XXX-XX-4712 | } | Chapter 7 |
| | } | |
| DARIESE MORGAN | } | |
| XXX-XX-1160 | } | |
| Debtor(s) | } | |

### MOTION TO AVOID JUDICIAL LIEN PURSUANT TO 11 U.S.C. § 522(f)(1)(A)

NOW COMES BILLY JOE MORGAN, JR. AND DARIESE MORGAN (hereinafter "Debtor"), by and through their attorney, Seth B. Thompson, pursuant to 11 U.S.C. § 522(f), Federal Rules of Bankruptcy Procedure 4003(d) and 9014, and Local Rule 4003-2 to request that this Court enter an order avoiding the judicial lien recorded in Book 30 at Page 449 and Book 30 at Page 452, Winston County, Alabama (the "Judicial Lien"), a copy of the recorded certificates of judgment is attached, held by John Sullins ("Creditor").

In support of this motion, the Debtor states:

1. This Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1334(a). This matter is a core proceeding as provided by 28 U.S.C. § 157(b)(2)(K).

2. The Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code on May 22, 2017. At the time of the filing, the Debtor owned and claimed an exemption in certain property; specifically, the Debtor claimed an exemption in real property located at 9022 County Road 99, Addison, AL 35540 (the "Property").

3. The Property is subject to the following mortgages or judicial liens, which do not secure a debt of the kind set forth in 11 U.S.C. § 523(a)(5)(domestic support obligations):

   A.   $132,560.00 mortgage obtained by Firstbank Mortgage on or about January 15, 2015;

   B.   $10,347.00 judicial lien obtained by John Sullins on May 9, 2016;

  C. $40,838.52 judicial lien obtained by Premier Bank of the South on January 25, 2017;

  D. $15,492.43 judicial lien obtained by Bessemer Metal Products, Inc. on January 10, 2017;

  E. $8,305.08 judicial lien obtained by Paul Gradl on September 1, 2016

4. The Debtor is entitled to an exemption in the Property in the amount of $30,000.00 pursuant to Alabama Code §6-10-2, 6-10-3 and 6-10-4.

5. The Debtor's Property has a fair market value of $170,980.00.

6. 11 U.S.C. § 522(f)(2)(A) of the Bankruptcy Code provides that "a lien shall be considered to impair an exemption to the extent that the sum of -- (i) the lien; (ii) all other liens on the property; and (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens." 11 U.S.C. § 522(f)(2)(B) provides that "[i]n the case of a property subject to more than 1 lien, a lien that has been avoided shall not be considered in making the calculation under subparagraph (A) with respect to other liens."

7. Following the formula set forth in 11 U.S.C. § 522(f)(2) for determining whether a lien impairs an exemption, the Debtor:

| | |
|---|---|
| Adds the lien being requested to be avoided of | $ 10,347.00 |
| All other liens which total | $181,703.60 |
| and the maximum exemption allowable in the absence of liens of | $ 30,000.00 |
| to get a sum of | $ 211,703.60 |
| From the sum above of | $ 211,703.60 |
| subtracts the value of the property in the absence of liens of | $ 170,980.00 |
| and finds that the extent of the impairment is | $ 40,723.60. |

8. Because the extent of the impairment of the exemption, $40,723.60

exceeds the entire value of the Creditor's lien,    $ 10,347.00.

the entire lien is avoidable.

### -OR-

Because the extent of impairment,                   $ N/A,

is less than the entire value of the lien,          $ N/A,

the Creditor's lien can be avoided only to the extent of

    the impairment of the exemption,           $ N/A,

    and the rest remains as a lien in the amount of    $ N/A.

9. A declaration, consistent with Local Rule 4003-2 and the lien avoidance forms found on the Court's website at www.alnb.uscourts.gov/localforms.cfm, or other admissible evidence is attached and submitted in support of this motion.

WHEREFORE, the Debtor respectfully requests that this Court enter an order that avoids the Judicial Lien held by Creditor.

**DATED**: August 11, 2017

                                            /s/ Seth B. Thompson
                                            **Seth B. Thompson**
                                            **Thompson Law Firm, LLC**
                                            **1701 Main Avenue SW, Suite 5**
                                            **Cullman, Alabama 35055**
                                            **Telephone: (256) 734-4591**
                                            **Facsimile: (866) 826-4785**
                                            **Email: seththompson@thompsonattorneys.com**

Of Counsel:
Thompson Law Firm LLC
1701 Main Avenue SW, Suite 5
Cullman, Alabama 35055
Phone: 256.734.4591
Fax: 866.826.4785
Email: seththompson@thompsonattorneys.com

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

In re: BILLY JOE MORGAN, JR.   }   Case No. 17-81557-CRJ
XXX-XX-4712   }   Chapter 7
  }  
DARIESE MORGAN   }  
XXX-XX-1160   }  
    Debtor(s)   }  

### DEBTOR'S DECLARATION TO AVOID LIEN PURSUANT TO 11 U.S.C. § 522(f)(2)

    My name is Dariese Morgan. I do hereby certify that I am over the age of nineteen and that, based on my personal knowledge as the owner of real property located at 9022 County Road, Addison, AL 35540 (the "Property"), and myself and my husband, Billy Joe Morgan, Jr., incurred a debt or obligation with John Sullins ("Respondent") on or about the 9th day of May, 2016. This debt or obligation is secured by judicial lien against the Property which was perfected or recorded on June 7, 2016 in Book 30 at Page 449 and Book 30 Page 452, Winston County, Alabama.

    As of the petition date, the Property has a fair market value of $170,980.00 based on tax assessment. My husband, Billy Joe Morgan, Jr., and myself claimed an exemption in the Property in the amount of $30,000.00 under Alabama Code § 6-10-2 to 6-10-4. The value of the Respondent's lien is $8,305.08. The other liens against the Property are Firstbank Mortgage for $132,560.00, Premier Bank of the South for $40,838.52, Bessemer Metal Products, Inc. for $15,492.43 and Paul Gradl $8,305.08 which total $211,703.60.

**DATED:** August _11_, 2017

                                                       _/s/ Dariese Morgan_
                                                       Dariese Morgan, Debtor

STATE OF ALABAMA     )
COUNTY OF CULLMAN     )

    Before me, the undersigned Notary Public, in and for said county and state, did personally appear Dariese Morgan (Debtor), who is known to me, and after, by me being first duly sworn, and under oath, did depose and declare the foregoing.

    SWORN TO and SUBSCRIBED before me this the ___11th___ day of August, 2017.

                                                       _/s/ Donna E. Harmon_
                                                       Notary Public
                                                       My commission expires on: ___08/26/2020___

Recorded In JUDGE BK 30 PG 449, 06/07/2016 08:28:49 AM Recording Fee 11.00, TOTAL 11.00
Sheila G. Moore, Probate Judge, Winston County, AL

| State of Alabama Unified Judicial System | **CERTIFICATE OF JUDGMENT** | Case Number |
|---|---|---|
| Form C-28   Rev. 10/99 | | DV-2015-900069 |

IN THE ____District____ COURT OF ____Winston____, ALABAMA
      (Circuit or District)                    (Name of County)

____John Sullins____ v. ____Bill Morgan a/k/a Billy Joe Morgan, Jr.____
      **Plaintiff**                              **Defendant**

9022 County Road 99
Defendant's Address
Addison, AL  35540
City                State           Zip Code
256-462-2020
Defendant's Telephone Number

**Names and Addresses of Additional Parties to the Judgment:** (attach separate sheets if necessary)

Bill Morgan, Dariese Morgan, Bill Morgan Construction Incorporated  d/b/a Winston Steel, Inc., the address is
9022 County Road 99, Addison, AL  35540-00

I, Clerk of the above-named Court, hereby certify that on (date) ____May 9, 2016____ plaintiff(s) recovered of defendants(s) in the Court a judgment ☐ with ☑ without waiver of exemptions for the sum of $ __10,000.00__ plus $ __347.00__ in court costs.

Tim R. Wadsworth, 1175 Helicon Road, Arley, AL 35541 205-712-1792 is plaintiff's attorney of record.

Given under my hand this date ____June 7, 2016____.

____John D. Snoddy____
Clerk

I certify that this instrument was filed for record in my office on (date) _____ at (time) _____ and duly recorded in book _____ page _____.

____Sheila H. Moore____
Judge of Probate

11.00

Case 17-81557-CRJ7    Doc 24    Filed 08/11/17    Entered 08/11/17 16:16:56    Desc Main
Document    Page 5 of 12

DOCUMENT 46

ELECTRONICALLY FILED
5/9/2016 11:31 AM
67-DV-2015-900069.00
CIRCUIT COURT OF
WINSTON COUNTY, ALABAMA
JOHN D. SNODDY, CLERK

# IN THE DISTRICT COURT OF WINSTON COUNTY, ALABAMA

SULLINS JOHN, )
Plaintiff, )
)
V. ) Case No.: DV-2015-900069.00
)
MORGAN BILL, )
MORGAN DARIESE, )
BILL MORGAN CONSTRUCTION )
INCORPORATED, )
Defendants. )

## ORDER

This matter came before the court on the motion for summary judgment and for a trial on the merits. The Plaintiff was represented by counsel and the Defendants did not appear and no counsel was present. Based upon the evidence presented and included in the motion for summary judgment the following is undisputed. "On or about April, 2015, John Sullins contacted Bill Morgan and Dariese Morgan, individually and who did business as Bill Morgan Construction Incorporated and listed themselves as Winston Steel, Inc. for the purpose of them building a boat dock for John Sullins. Winston Steel, Inc. is a dissolved corporation which was dissolved on October 20, 2011. Bill Morgan and Dariese Morgan held themselves out to me as Winston Steel, Inc. when in fact there was no Winston Steel, Inc. but they operated a company by the name of Bill Morgan Construction Incorporated. Bill Morgan had Bill Morgan Construction Incorporated cards present. I reached an agreement with Bill Morgan, Dariese Morgan and Bill Morgan Construction Incorporated and listed themselves as Winston Steel, Inc. and entered into a contract with them for a contract price was $17,887.50 from them to build a boat dock. An agreement was reached whereby Bill Morgan and Dariese Morgan would build a boat dock as set forth in the contract and I, John Sullins would place a deposit of $8,000.00 toward the purchase price with the balance due upon completion. I paid $8,000.00 to Dariese Morgan and Bill Morgan d/b/a Winston Steel, Inc. and Dariese Morgan gave me a receipt for $8,000.00. The check was deposited into an account owned by Winston Steel, Inc. at Premier Bank and cleared the bank on April 20, 2015. No work was ever performed by any of the defendants, Bill Morgan, Dariese Morgan, Bill Morgan Construction Incorporated or Winston Steel, Inc.

John Sullins contacted the Defendants, Bill Morgan and Dariese Morgan at least 12 times by phone to check the status of the building of the boat dock. John Sullins's wife called numerous times. Dariese Morgan always referred John Sullins to Bill Morgan. I spoke with Bill Morgan a couple of times and he continued to put me off. At some point Bill Morgan refused to return phone calls to me. Thereupon, John Sullins

went to the office in Addison where boat docks were being made in an effort to speak with Bill Morgan. John Sullins and his wife traveled at least 10 to 12 times to the location. The last contact Bill Morgan informed John Sullins that I would have to get with a lawyer to get my money. John Sullins wrote a letter to the Bill Morgan, Dariese Morgan, Bill Morgan Construction Incorporated and Winston Steel, Inc. without success.

Another witness appeared to testimony that Bill Morgan, Dariese Morgan, Bill Morgan Construction, Incorporated and Winston Steel, Inc did the same thing to him by talking $15,000.00.

Based upon the uncontradicted evidence the following judgment is hereby entered:

First: It is Ordered, Adjudged and Decreed that the motion for summary judgment is hereby granted in favor of John Sullins against Bill Morgan, Dariese Morgan, Bill Morgan Construction Incorporated and Winston Steel, Inc.

Second: It is Ordered, Adjudged and Decreed that a judgment in favor of John Sullins and against Bill Morgan, Dariese Morgan, Bill Morgan Construction Incorporated and Winston Steel, Inc. joint and severally are hereby entered for $10,000.00 based upon money obtained from John Sullins obtained by false pretenses through a contract, conversion, and fraud. The execution of the judgement shall be entered.

Third: It is Ordered, Adjudged and Decreed that the costs of this action shall be taxed against the Defendants, Bill Morgan, Dariese Morgan, Bill Morgan Construction Incorporated and Winston Steel, Inc..

DONE this 9th day of May, 2016.

/s/ MICHAEL E NEWELL
DISTRICT JUDGE

JUDGE 30 451

| State of Alabama Unified Judicial System  Form C-28  Rev. 10/99 | **CERTIFICATE OF JUDGMENT** | Case Number DV-2015-900069 |
|---|---|---|

IN THE _____District_____ COURT OF _____Winston_____, ALABAMA
(Circuit or District)     (Name of County)

John Sullins    v.    Dariese Morgan a/k/a Daries Morgan
**Plaintiff**            **Defendant**

9022 County Road 99
Defendant's Address
Addison, AL 35540
City    State    Zip Code

256-462-2020
Defendant's Telephone Number

**Names and Addresses of Additional Parties to the Judgment:** (attach separate sheets if necessary)

Bill Morgan, Dariese Morgan, Bill Morgan Construction Incorporated d/b/a Winston Steel, Inc., the address is
9022 County Road 99, Addison, AL 35540-00
Bill Morgan is a/k/a Billy Joe Morgan, Jr. - Daries Morgan is a/k/a Dariese Morgan

I, Clerk of the above-named Court, hereby certify that on (date) _____May 9, 2016_____ plaintiff(s) recovered of defendants(s) in the Court a judgment ☐ with ☑ without waiver of exemptions for the sum of $ 10,000.00 plus $ 347.00 in court costs.

Tim R. Wadsworth, 1175 Helicon Road, Arley, AL 35541 205-712-1792 is plaintiff's attorney of record.

Given under my hand this date June 7, 2016

_John D Snoddy_
Clerk

I certify that this instrument was filed for record in my office on (date) _____ at (time) _____ and duly recorded in book _____ page _____.

_Sheila H. Moore_
Judge of Probate

11.00

ELECTRONICALLY FILED
5/9/2016 11:31 AM
67-DV-2015-900069.00
CIRCUIT COURT OF
WINSTON COUNTY, ALABAMA
JOHN D. SNODDY, CLERK

## IN THE DISTRICT COURT OF WINSTON COUNTY, ALABAMA

| | |
|---|---|
| SULLINS JOHN,<br>Plaintiff, | )<br>)<br>) |
| V. | ) Case No.: DV-2015-900069.00<br>) |
| MORGAN BILL,<br>MORGAN DARIESE,<br>BILL MORGAN CONSTRUCTION,<br>INCORPORATED,<br>Defendants. | )<br>)<br>)<br>)<br>) |

### ORDER

    This matter came before the court on the motion for summary judgment and for a trial on the merits. The Plaintiff was represented by counsel and the Defendants did not appear and no counsel was present. Based upon the evidence presented and included in the motion for summary judgment the following is undisputed. "On or about April, 2015, John Sullins contacted Bill Morgan and Dariese Morgan, individually and who did business as Bill Morgan Construction Incorporated and listed themselves as Winston Steel, Inc. for the purpose of them building a boat dock for John Sullins. Winston Steel, Inc. is a dissolved corporation which was dissolved on October 20, 2011. Bill Morgan and Dariese Morgan held themselves out to me as Winston Steel, Inc. when in fact there was no Winston Steel, Inc. but they operated a company by the name of Bill Morgan Construction Incorporated. Bill Morgan had Bill Morgan Construction Incorporated cards present. I reached an agreement with Bill Morgan, Dariese Morgan and Bill Morgan Construction Incorporated and listed themselves as Winston Steel, Inc. and entered into a contract with them for a contract price was $17,887.50 from them to build a boat dock. An agreement was reached whereby Bill Morgan and Dariese Morgan would build a boat dock as set forth in the contract and I, John Sullins would place a deposit of $8,000.00 toward the purchase price with the balance due upon completion. I paid $8,000.00 to Dariese Morgan and Bill Morgan d/b/a Winston Steel, Inc. and Dariese Morgan gave me a receipt for $8,000.00. The check was deposited into an account owned by Winston Steel, Inc. at Premier Bank and cleared the bank on April 20, 2015. No work was ever performed by any of the defendants, Bill Morgan, Dariese Morgan, Bill Morgan Construction Incorporated or Winston Steel, Inc.

    John Sullins contacted the Defendants, Bill Morgan and Dariese Morgan at least 12 times by phone to check the status of the building of the boat dock. John Sullins's wife called numerous times. Dariese Morgan always referred John Sullins to Bill Morgan. I spoke with Bill Morgan a couple of times and he continued to put me off. At some point Bill Morgan refused to return phone calls to me. Thereupon, John Sullins

went to the office in Addison where boat docks were being made in an effort to speak with Bill Morgan. John Sullins and his wife traveled at least 10 to 12 times to the location. The last contact Bill Morgan informed John Sullins that I would have to get with a lawyer to get my money. John Sullins wrote a letter to the Bill Morgan, Dariese Morgan, Bill Morgan Construction Incorporated and Winston Steel, Inc. without success.

Another witness appeared to testimony that Bill Morgan, Dariese Morgan, Bill Morgan Construction, Incorporated and Winston Steel, Inc did the same thing to him by talking $15,000.00.

Based upon the uncontradicted evidence the following judgment is hereby entered:

First: It is Ordered, Adjudged and Decreed that the motion for summary judgment is hereby granted in favor of John Sullins against Bill Morgan, Dariese Morgan, Bill Morgan Construction Incorporated and Winston Steel, Inc.

Second: It is Ordered, Adjudged and Decreed that a judgment in favor of John Sullins and against Bill Morgan, Dariese Morgan, Bill Morgan Construction Incorporated and Winston Steel, Inc. joint and severally are hereby entered for $10,000.00 based upon money obtained from John Sullins obtained by false pretenses through a contract, conversion, and fraud. The execution of the judgement shall be entered.

Third: It is Ordered, Adjudged and Decreed that the costs of this action shall be taxed against the Defendants, Bill Morgan, Dariese Morgan, Bill Morgan Construction Incorporated and Winston Steel, Inc..

DONE this 9th day of May, 2016.

/s/ MICHAEL E NEWELL
DISTRICT JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| In re: BILLY JOE MORGAN, JR. | } | Case No. 17-81557-CRJ |
| XXX-XX-4712 | } | Chapter 7 |
| | } | |
| DARIESE MORGAN | } | |
| XXX-XX-1160 | } | |
| Debtor(s) | } | |

## NOTICE OF MOTION TO AVOID LIEN AND OPPORTUNITY FOR HEARING

**NOTICE IS HEREBY GIVEN** that, pursuant to 11 U.S.C. § 522, Federal Rule of Bankruptcy Procedure 4003, and Local Rule 4003-2, Billy Joe Morgan, Jr. and Dariese Morgan ("Movant") filed a Motion to Avoid Lien ("Motion") (Doc. # 24) of John Sullins ("Creditor" or "Lienholder") in this case. A copy of the Motion accompanies this notice.

**YOU ARE FURTHER NOTIFIED** that any opposition or other response to said Motion must be filed with the clerk's office within 30 days of the date of this notice, and a copy must be served on the debtor, the trustee, any other affected creditors, any committee appointed in the case, and any other entity as the Court may direct. If an objection or response to said Motion is filed and served within the time specified, the Court will schedule a hearing to consider the Motion and the response thereto. If a timely response is filed, you will be notified of the time, date, and place of the hearing. At the hearing, the party opposing or otherwise responding to the Motion must appear in person or through an attorney and be prepared to advocate their position by testimony from witnesses and other evidence.

**IF NO RESPONSE IS FILED WITHIN THE TIME SPECIFIED, THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT IN THE MOTION WITHOUT A HEARING.**

**DATED:** August 11, 2017

/s/Seth B. Thompson
Seth B. Thompson
The Thompson Law Firm, LLC
1701 Main Avenue SW, Suite 5
Cullman, AL 35055
Phone: 256-734-4591
Fax: 866-826-4785

# CERTIFICATE OF SERVICE

The undersigned certifies that on the 11th day of August, 2017, the above Notice of Motion to Avoid Lien and Opportunity for Hearing, Debtor's Declaration to Avoid Lien Pursuant to 11 U.S.C. § 522(f)(2), and Motion to Avoid Lien Pursuant to 11 U.S.C. § 522(f)(2) were served on the following:

| Lienholder and Lienholder's address: | Trustee name and Trustee's address: |
|---|---|
| John Sullins<br>c/o Attorney Tim R. Wadsworth<br>1175 Helicon Road<br>Arley, AL 35541 | Judith Thompson<br>Chapter 7 Trustee<br>P.O. Box 18966<br>Huntsville, AL 35804-8966 |

All other parties listed in response to paragraph 3 of the motion and addresses:

Premier Bank of the South
c/o Attorney Dan J. Willingham
413 First Avenue SW
Cullman, AL 35055

Bessemer Metal Products, Inc.
c/o Attorney John Raymond Frawley, Jr.
P.O. Box 101493
Irondale, AL 35210

Paul Gradl
c/o Attorney Russell Eason
931 20th Street
Haleyville, AL 35565

    /s/Seth B. Thompson_____
    Seth B. Thompson