UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| In re: Billy Joe Morgan, Jr.<br>XXX-XX-4712 | ) <br> ) <br> ) | Case No. 17-81557-CRJ<br>Chapter 7 |
| Dariese Morgan<br>XXX-XX-1160 | ) <br> ) <br> ) | |
| Debtors(s) | ) | |

## CREDITOR-JOHN SULLINS'S MOTION TO VALUE
## BUSINESS PROPERTY AND HOMESTEAD PROPERTY

Comes now John Sullins (hereinafter Sullins-Creditor), by and through his undersigned attorney and moves this court to value the business property and homestead property at the fair market value and as grounds state the following:

1. Debtors' filed a Motion to Avoid Judicial Lien Pursuant to 11 U.S.C. Section 522(f)(1)(A) which is pending.

2. The Debtors' property is located at 9022 County Road 99, Addison, Alabama 35540 is composed of house and 6 other barns with a total of 9 acres. The property consists of both business property and homestead property.

3. The Creditor - Sullins moves this court to enter an order to declare part of the property business property and part of the property homestead property.

4. Creditor-Sullins asserts that the homestead exemption can only be applied to the homestead portion of the value of the real estate and not the business portion of the real estate.

5. Creditor-Sullins asserts that the Debtors listed the real estate with a real estate agent with ERA Waldrop Real Estate for $219,900. Accordingly, the Debtors asserted that the value of the property was $219,900 through a real estate agent. In fact, the original price was

substantially higher than $219,900.

6. Creditor- Sullins asserts that Debtors listed the value with the bankruptcy court at $170,980.

7. The fair market value shown by the listing shows that there is sufficient fair market value in the property to pay all current liens, mortgages and homestead exemptions.

8. The value of the real estate is $219,900 which results in all liens and mortgages being paid plus the bankruptcy estate having equity sufficient to pay approximately $8,000.00 in unsecured debt.

9. The Creditor- Sullins asserts that his lien is a first judicial lien after the mortgage lien and that there is equity available to pay all judicial liens plus funds to pay $8,000.00 toward unsecured debt. Further, the Creditor-Sullins asserts that he is a first priority judicial lien.

10. The Creditor- Sullins moves this court to place the fair market value of the real estate at $219,900.

Wherefore, the Creditor - Sullins respectfully requests this Court to enter an order valuing the business portion of the real estate and the homestead part of the real estate and to value the entire real estate and structures at $219,900.00 and requests such other and further relief as the court shall deem appropriate.

Dated this the 28th day of August, 2017.

_____
John E. Sullins, Creditor

Sworn to and subscribed this the 28th day of August, 2017.

_____
Notary Public
My Commission Expires _8-13-18_

/s/ Tim R. Wadsworth  
Tim R. Wadsworth  
Attorney for Creditor Sullins  
1175 Helicon Road  
Arley, AL 35541  
205-484-4357  
205-712-1792 (cell)  
wadsworth@centurytel.net  

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the following attorney of record by United States mail, first class postage prepaid and properly addressed and/or by electronic noticing.

Trustee

Seth B. Thompson  
Thompson Law Firm, LLC  
1701 Main Street SW, Suite 5  
Cullman, AL 35055

Dated this the 28th day of August, 2017

/s/Tim R. Wadsworth  
Tim R. Wadsworth  
Attorney for Debtors